VILLAGE OF NEWBURGH HEIGHTS *v.* TEGG, MAYOR.

(Decided April 29, 1929.)

*Messrs. Locher, Green & Woods,* for appellant.
*Messrs. Morgenstern & Morgenstern,* for appellee.

LEVINE, J. This matter comes into this court on appeal from the judgment of the common pleas court. The case pending here *de novo,* we are called upon to pass upon a demurrer to the petition filed by the defendant John G. Tegg, as mayor. The petition seeks to enjoin the mayor of the village from issuing any permits for the holding of boxing and

wrestling exhibitions, on the ground that the mayor is without authority to issue such permits. It also seeks to enjoin the other defendants, who are members of the mayor's advisory committee, from in any way acting with reference to the issuing of permits, on the ground that they are without authority in law to exercise any power in the matter.

Prior to May, 1928, the mayor of the village of Newburgh Heights, by authority of an ordinance, appointed an advisory committee to act as a boxing and wrestling commission. All boxing and wrestling exhibitions were prohibited in Newburgh Heights village unless there was first issued by the mayor a permit to hold such exhibition. A percentage of the proceeds was paid to the village.

In May, 1928, the newly elected council adopted as an emergency measure an ordinance known as No. 699, which repealed all former ordinances and substituted in substance the following:

Section 2. Prohibits boxing, etc., exhibitions except pursuant to a permit issued in accordance with the provisions of the ordinance.

Section 3. That application for permit must be addressed to the Council, etc.

Section 4. Council appoints its own members as a Village Boxing and Wrestling Commission, with authority to formulate rules, etc., and to report to the Mayor upon each application for a permit—that the Mayor shall grant or refuse permits as ordered by this Council Boxing Commission.

Section 5. Prescribes portion of gross receipts of bouts to be paid into village treasury, posting of guarantees, etc.

"Section 6. Any person violating any of the pro-

visions of this ordinance shall be fined in any sum not exceeding $1000.00," etc.

It will be seen that the purpose of the ordinance was to take from the mayor and his boxing commission the authority to issue such permits, and to vest such power in the village council, which by the language of the ordinance appointed its own members as a boxing and wrestling commission.

It is alleged in the petition that in defiance to the provisions of the ordinance, the mayor and his boxing commission continued to issue permits, and it is sought by the process of injunction to stop the mayor and his boxing commission from usurping the function of the village council.

The plaintiff refers this court to Section 3657, General Code, which is one of the sections enumerating the power of the village or city council, which reads as follows: "To regulate, by license or otherwise, restrain or prohibit theatrical exhibitions, public shows and athletic games of whatever name or nature, for which money or other reward is demanded or received; to regulate, by license or otherwise, the business of trafficking in theatrical tickets, or other tickets of licensed amusements, by parties not acting as agents of those issuing them, but public school entertainments, lecture courses and lectures on historic, literary or scientific subjects, shall not come within the provisions of this section."

Plaintiff also refers this court to Section 3672, which deals with the licensing power of the village or city council, and which reads as follows: "To license exhibitors of shows or performances of any kind, not prohibited by law, hawkers, peddlers, auctioneers of horses and other animals on the high-

ways or public grounds of the corporations, vendors of gun powder and other explosives, taverns and houses of public entertainment, and hucksters in the public streets or markets, and, in granting such license, may exact and receive such sum of money as it may think reasonable, but no municipal corporation may require of the owner of any product of his own raising, or the manufacturer of any article manufactured by him, license to vend or sell in any way, by himself or agent, any such article or product. Such council may confer upon, vest in and delegate to the mayor of the corporation, authority to grant, issue and revoke licenses.''

It is contended on the basis of these sections that the power to regulate boxing and wrestling exhibitions is vested by law in the council of the village, and not in the mayor.

It is very doubtful whether the members of the village council are authorized to constitute themselves members of the boxing and wrestling commission, because Section 4218, General Code, provides that no member of the council shall hold any other public office or employment except that of notary public or member of the state militia.

Council of the village no doubt may by ordinance provide for the creation of a boxing and wrestling commission, but the power of the council to, by ordinance, appoint its own members as members of the boxing and wrestling commission is, to say the least, of doubtful legal sanction.

In connection with this discussion as to the respective powers of the council and the mayor in the matter of boxing exhibitions, it is well to refer to Sections 12802 and 12803, General Code of Ohio.

Section 12802 makes it unlawful to engage in or hold a boxing exhibition, and provides a penalty for its violation. Section 12803 contains the exception, in the following language, quoted in full: ''The next preceding section shall not apply to a public gymnasium or athletic club, or any of the exercises therein, if written permission for the specific purpose has been obtained from the sheriff of the county, or, if the exercises or exhibition are within the limits of a municipal corporation, from the mayor of such corporation.''

Unconditionally the language of Section 12803, General Code, makes the holding of boxing exhibitions lawful, and not subject to penalty, if written permission for the specific purpose has been obtained from the mayor of the corporation.

The ordinance above referred to prohibits the holding of boxing or wrestling exhibitions even though held in the public gymnasium or athletic club, unless the permit, which term relates to a single or specific act, is first obtained from the boxing and wrestling commission provided for by the ordinance, which consists of the members of the village council.

This ordinance is in apparent conflict with Section 12803, General Code. Waiving aside the question of the validity of the ordinance, and assuming for the sake of argument that the ordinance was passed in the proper exercise of the enumerated powers of the village council, we are met with an insurmountable obstacle. Were we to grant the contention of plaintiff, to the effect that the mayor and his boxing commission are without power to issue permits because of the provisions of the ordinance, we would

be led to but one conclusion, namely, that the granting of the permit by the mayor and his boxing commission, to hold boxing exhibitions, is of no legal validity and amounts to nothing. We would then have the situation that the mayor permits or sanctions the holding of boxing exhibitions in the village of Newburgh Heights without compliance with the provision of its ordinance, and that he fails in the performance of his duties to use the police power vested in him to stop boxing exhibitions held in violation of law. The question then arises: Can a court of equity by the exercise of the injunction process compel the chief executive of a village or a city to enforce a criminal law? It would be idle for this court to decree that the mayor and his boxing commission are without power to issue permits to hold boxing or wrestling exhibitions in Newburgh Heights, since, if the contention of plaintiff is correct, the issuance of the permit means nothing whatsoever. Should this court decree that the mayor of Newburgh Heights shall not permit the holding of boxing exhibitions unless a permit be first obtained from the boxing commission, which consists of the members of the village council? Were this court to so decree, it would amount to supervisory powers over the acts of the executive, and would aim to compel the executive to perform his legal duty. The process of injunction was at no time employed in such a course. There are other remedies to be applied against officers who fail in the performance of their duty, but, whatever they may be, the process of government by injunction must be excluded.

Where one branch of the government seeks to

clothe itself with power of authority formerly and usually exercised by another branch of the government, the entire controversy is of a political character. Disputes of this character must be settled by the electorate, and not by the courts.

The demurrer to the petition will therefore be sustained. A decree will be drawn accordingly.

*Demurrer sustained.*

VICKERY, P. J., and SULLIVAN, J., concur.