## FISCHER v CLEVELAND (city)

Ohio Appeals, 8th Dist, Cuyahoga Co
Decided June 8, 1931

J. H. Mellen, Cleveland, for Fischer.

H. H. Burton, H. S. Brainard, Cleveland, for Cleveland (city).

J. P. Wood, Tolles, Hogsett & Ginn, Cleveland, Amicus Curiae.

MAUCK, J, (4th Dist), sitting in place of LEVINE, J.

"Thomas M. Kennedy, J.

This cause is an injunction proceeding brought by a taxpayer, and the original caption of "State of Ohio on the relation of, etc." is therefore a mistake. The caption above used will be substituted for the former one.

This cause came on for hearing and was submitted on the pleadings and the evidence, and the court being fully advised in the premises, on the request of plaintiff that separate findings of fact and conclusions of law be made, finds the facts as follows:

1. The plaintiff is a taxpayer of the city of Cleveland, Ohio, and made a demand upon the Director of Law of said city to institute this proceeding, which demand was refused.

2. The city of Cleveland is a municipal corporation, organized and existing under and by virtue of the Constitution and laws of the state of Ohio and a charter duly adopted by the people of said city; that Daniel E. Morgan and George H. Bender are the duly appointed qualified and acting

City Manager and Commissioner of Stadium respectively; that Arthur Clulee is the Chairman and Jack Harris, Thomas Dwyer, Anthony Hughes and Earl Painter are the duly appointed, qualified and acting members of the Boxing and Wrestling Commission of the city of Cleveland, in accordance with §206, §209-1 inclusive, of the Municipal Code of Cleveland, 1924; that said sections in their present form are set forth in full in the answer of the city of Cleveland et al; that §2986 of the Municipal Code of Cleveland, 1924, is in full force and effect.

3. That counsel for all parties have agreed upon certain facts set forth in Exhibit A, which is attached hereto and made a part thereof as though fully written herein.

4. That the exhibition between Schmehling and Stribling will be held in accordance with the boxing rules of the Cleveland Boxing and Wrestling Committee.

5. That the Cleveland Stadium is a public gymnasium and that Madison Square Garden Corporation (Ohio) is a corporation with power inter alia, 'to hold or giving boxing, sparring and || or wrestling, hockey and || or skating matches or exhibitions pursuant to the provisions of law of the State of Ohio.'

6. That the proposed exhibition between Schmehling and Stribling will be a public sparring or boxing exhibition and that written permission for the holding of the same has been granted by the city Manager, the Mayor, and the Boxing and Wrestling Commission of Cleveland.

7. That there has been offered no proof of damage or injury, either special or general, to the city of Cleveland, its citizens or this plaintiff.

8. That in addition to the public liability of insurance referred to in the Agreed Statement of Partial Facts, Madison Square Garden Corporation (Ohio) has agreed to deposit with the city of Cleveland a bond to the approval of the Director of Law, in the sum of $100,000.00; that said bond will guarantee the return to purchasers of all money from advance sales of tickets if the boxing exhibition is not held, or if the same is considered by the Boxing and Wrestling Commission as not having been consistent with its standards and requirements and also indemnifies the Commission against any possible liability if said boxing exhibition is not held and said money received from advance sales of tickets is not returned to said purchasers."

"CONCLUSIONS OF LAW

While the defendants raised a very interesting question as to the right of a taxpayer, who suffers no special injury different in kind or degree from that of the general public, to bring an action in injunction, it is not necessary to decide this question because of the conclusions of law hereinafter expressed.

There is a fundamental presumption that public officers perform their duty and do not abuse their discretion or exceed their lawful authority. In view of the fact that the City Manager, Mayor and the Boxing and Wrestling Commission, with the advice of the department of law, have granted written permission for the holding of this exhibition under §12803 GC and the ordinances of the city of Cleveland hereinafter referred to, this presumption is particularly significant in this case. The character and high standing of City Manager Daniel E. Morgan, Mayor John S. Marshall, Director of Law Harold H. Burton and his assistant, Henry S. Brainard, are guaranties that this boxing exhibition will be conducted in accordance with law, behind which this court will not inquire, in the absence of evidence overcoming the aforesaid presumption, and clearly establishing an abuse of the discretion lawfully vested in such officials.

Sec 12803 GC and the Ordinances of the city of Cleveland, heretofore referred to, provide that it shall not be an offense to conduct or engage in a public sparring or boxing exhibition when the same is held in a public gymnasium or athletic club 'if written permission for the specific purpose has been obtained—from the mayor of such (Municipal) corporation.'

In view of the Findings of Fact that Messrs. Schmehling and Stribling will engage in a public sparring or boxing exhibition in the Cleveland Stadium, a public gymnasium, that Madison Square Garden Corporation (Ohio) has power to hold or give such exhibition and that written permission so to do has been obtained as aforesaid, I find that there has been compliance with §12803 GC and the ordinances of the city of Cleveland. In this connection this court adopts the language of the Court of Appeals of Cuyahoga County in the case of **Village of Newburgh Heights v Tegg, Mayor, 32 Oh Ap Rep 248, 252,** wherein it is stated:

'Unconditionally the language of §12803 GC, makes the holding of boxing exhibitions lawful and not subject to penalty if written permission for the specific purpose has been obtained from the mayor of the corporation.'

Though the same is not now important in view of the conclusion of law last expressed, I find there is an adequate remedy at law to enforce, by criminal prosecution any violation of the laws of the state of Ohio or ordinances of the city of Cleveland, which

might hereafter occur.

Accordingly the petition of the plaintiff will be dismissed, judgment rendered for the defendants for costs and appeal bond fixed in the sum of Five Thousand Dollars.

T. M. Kennedy, Judge."

VICKERY, J.

The case was heard below upon a partial agreed statement of facts and other evidence introduced, and from that partial agreed statement of facts and the evidence, the court found the facts as above set forth and from them drew its conclusions of law.

As already stated this action was brought to restrain the city of Cleveland and the other defendants from carrying out this boxing exhibition, as the court found it to be, in the Public Stadium of the city of Cleveland, which event is to be held on July 3, 1931.

It is claimed by counsel for the taxpayer that this is: first, a using of the property of the city of Cleveland for an unlawful purpose; second, that it would be encouraging a nuisance; third, that it would be encouraging and permitting a prize fight, and I don't know how many other grounds he claims. Well, the learned trial judge found from the partial agreed statement of facts and the evidence introduced that it was a boxing match, that the limit was 15 rounds, and that the propositions agreed upon were forty percent of the receipts for one man and twelve and a half percent for the other; that is, their remuneration was not dependent upon the outcome or result of the match.

Plaintiff bases his right for injunction and relief prayed for on §12800 GC which is as follows:

"Prize Fighting. Whoever engages as principal in a prize-fight shall be imprisoned in the penitentiary not less than one year nor more than ten years."

The city and other defendants contend that under §12803 GC—which provides in effect that no fight or boxing bout shall be carried on in a municipality or county, unless there be first a permit granted by the sheriff of the county or, when it is to be held in a municipality, by the mayor and if such permission be given, such boxing bout may be lawfully held in a public gymnasium or athletic club,—everything which was contemplated might lawfully be done under such circumstances.

Sec 12803 GC provides as follows:

"Exceptions. The next preceeding section shall not apply to a public gymnasium or athletic club, or any of the exercises therein, if written permission for the specific purpose has been obtained from the sheriff of the county or, if the exercises or exhibitions are within the limits of a Municipal corporation, from the mayor of such corporation."

Sec 12802 GC referred to in §12803 GC as "the preceeding section" reads as follows:

"Public Boxing Exhibitions: Athletic Clubs: Whoever agrees to fight and wilfully fights or boxes at fisticuffs or engages in a public sparring or boxing exhibition without gloves or with gloves, or aids, assists or attends such boxing exhibition or glove fight, or being the owner or lessee of grounds or a lot, building, hall or structure, permits it to be used for such exhibition or purpose, shall be fined not more than Two Hundred and Fifty Dollars ($250.00) or imprisoned not more than three months or both."

Now, as already stated, the permission was obtained not only from the mayor of Cleveland but from the City Manager and the Boxing Commission as well, which Boxing Commission is authorized by the ordinances of the city of Cleveland under and by virtue of the statutes of the state of Ohio, and the persons who are to carry on this bout are the Madison Square Garden Company which was incorporated under the laws of Ohio and a charter was granted for that purpose by the Secretary of State, which purposes included boxing bouts and other athletic events; and the permission of those necessary for the use had been obtained as shown in the record of this case.

The city of Cleveland has not only a Manager; it has a Mayor; it has a Boxing Commission, all of whom are honorable, upright and well-known men, and to charge them with entering into a conspiracy to violate the criminal laws of Ohio is rather a broad assertion and would have to be clearly proven in order to be of any avail. The character of men of that caliber cannot be besmirched by idly charging them with violation of the law or a conspiracy to violate the law. There is not a particle of evidence in this record that would warrant any such inference. It is true that plaintiff seeks to call this match a prize fight, but calling names does not constitute it as such. The agreed statement of facts in this case nowhere shows that a prize fight is contemplated; but shows that it is to be a boxing bout of fifteen rounds which is permissible under §12803 GC above referred to.

The only way that the court could interfere even as claimed by counsel for plaintiff

below is on the ground that this is an unlawful, illegal and criminal act that is being tolerated, permitted and encouraged by the city authorities, which as such amounts to a public nuisance; and that, according to a decision of Judge Hollister of the Common Pleas Court of Hamilton County, in which he held that the exhibition contemplated in that case amounted to a public nuisance, it could therefore be enjoined; but referring to that case found in 8 N. P. 246, **Sheets, Attorney General v Hobart,** it will be found that that case was instituted by the Attorney General of the State and, so far as we have been able to ascertain, a nuisance of that character could only be prevented or enjoined on relation of the Attorney General of the State, unless the nuisance was of such character, and the evidence would show it, that he plaintiff suffered individually some injury that was different in kind, that was distinct to him rather than to the general public; that if his injury is the same as that of the general public, then no suit for injunction could obtain except on relation of the Attorney General.

This view is supported by High on Injunctions:

Sec. 762. Right of Private Person to Enjoin Public Nuisance. No principle of the law of injunctions is more clearly established than that private persons seeking the aid of equity to restrain a public nuisance, must show some special injury peculiar to themselves, aside from and independent of the general injury to the public. And in the absence of such special and peculiar injury sustained by a private citizen he will be denied an injunction, leaving the public injury to be redressed upon information or other suitable proceedings by the attorney general in behalf of the public. Even in cases of unquestioned nuisance, if the party complaining shows no special injury to himself, different from the common injury to the public, he is not entitled to an injunction.

Now there is not a particle of evidence in this record that plaintiff did suffer any damage or injury other than that suffered by the general public, if it suffered any; and therefore he could not maintain the suit, even though he had brought it in his individual capacity; and the writer of this opinion personally thinks there is no foundation for a suit by a taxpayer.

That was the holding of the Circuit Court in the case of **Thomas Worthington on His Own Behalf and on Behalf of the City of Akron and other taxpayers, v the City of Akron and the Standard Table Oil Cloth Co. 18 C. C. (N.S.) 208.**

In that case the court dismissed Worthington's petition in which he sought to maintain an action in injunction against the city and others for the obstruction of a city street. He sued in a three-fold capacity, two of which were personally and third as a taxpayer under §1536-667 and §668 **Revised Statutes.**

The court held that "in the first * * * of these capacities it is clear that he has no right to sue, unless the nuisance sought to be abated is private and personal to him, affecting him or his property in a manner differing not merely in degree but in kind from its effect upon the community in general." * * *

And the court went on to say, "If the obstruction complained of is unlawful, it is so far as this plaintiff is concerned, a purely public nuisance, which it is the city's duty to abate, but which cannot become the subject of an action founded upon any private right to sue unless the statute has expressly given such right.

"The only claim of statutory right here arises under §1536-667 and §668 **Revised Statutes,** but a careful perusal of these sections discloses no right thereby conferred on the city solicitor of his own motion or on request of a taxpayer to bring an action to enjoin a street obstruction, from which it follows that a taxpayer on his refusal can bring no such action in his stead. Whatever remedy may be afforded by said sections the one here sought to be invoked is certainly not included therein."

Now, §1536-667 and §668 **Revised Statutes** are almost identical with §4311 to §4314 inclusive of the present General Code and read as follows:

"**Sec 4311.** When solicitor shall apply for injunction.—The solicitor shall apply in the name of the corporation, to a court of competent jurisdiction for an order of injunction to restrain the misapplication of funds of the corporation, or the abuse of its corporate powers, or the execution or performance of any contract made in behalf of the corporation in contravention of the laws or ordinance governing it or which was produced by fraud or corruption."

**Sec 4312.** Specific Performance. When an obligation or contract made on behalf of the corporation granting a right or easement or creating a public duty is being evaded or violated, the solicitor shall likewise apply for the forfeiture or the specific performance thereof, as the nature of the case requires.

**Sec 4313.** Mandamus. In case an officer

or board fails to perform any duty expressly enjoined by law or ordinance, the solicitor shall apply to a court of competent jurisdiction for a writ of mandamus to compel the performance of such duty.

Sec 4314. Suit by taxpayer. In case the solicitor fails upon the written request of any taxpayer of the corporation to make any application provided for in the preceeding three sections, such taxpayer may institute suit in his own name, on behalf of the corporation; and any taxpayer of any municipal corporation in which there is no solicitor may bring such suit on behalf of such corporation. No such suit or proceeding, shall be entertained by any court until the taxpayer shall have given security for the costs of the proceeding."

It will be seen that nowhere do these statutes contemplate the bringing of a suit for an order of injunction to restrain a public nuisance.

Whether a taxpayer may, upon refusal of the solicitor enjoin the execution of a contract made on behalf of the municipal corporation, when made in contravention of law, as an abuse of corporate powers, it is not necessary here to decide, inasmuch as in the instant case in his petition we find: "plaintiff says that he brings this action for the purpose of preventing the evils which are a part of and attendant upon and following the fight, and incidental and necessarily consequent thereto, and that the same constitute a public nuisance," nor do the partial agreed statement of facts, the findings of facts and the evidence show that a contract of an illegal nature was or is contemplated.

In any event, if it is the whole public that the taxpayer seeks to represent, that is whose rights he seeks to maintain, it must be by the way of the attorney general bringing the suit to restrain the public nuisance. If the plaintiff's contention is right, he is seeking by injunction to prevent the violation of a criminal statute, the violation of a criminal law. Well, if that be so, the plaintiff has a complete and adequate remedy at law and that is to have the participants in such fight arrested, fined and punished for such violation; and §12800 and §12802, GC provide for such a penalty, if the parties in this state contemplated a violation of those statutes. He seems to rely to a large extent on the case of **Seville v State of Ohio, 49 Oh St 117.** In that case there was a prize fight held in Athens. The record shows that it was to be a fight to the finish, the winner to take all, and in that case one of the contestants was killed and the other man to the prize fight was in-

dicted for engaging in a prize fight and was convicted and sentenced to the Ohio Penitentiary as a prize fighter. But it must be borne in mind even that case was long before the exception to the statute was passed, —the statute under which the carrying on of this bout was based; and so the exception governs and not the rule laid down in the Seville case for that was a prize fight and this, so far as the evidence shows, is nothing more than a boxing bout, a contest of skill between two participants.

The court found that this public stadium was a gymnasium as it had been previously found by the Court of Appeals in **35 Oh Ap 20, Meyer v City of Cleveland, at pages 26-27:**

"Evidence was offered in the course of the trial to show some sixty possible purposes for which a stadium could be used. Among them are historical pageants, patriotic celebrations * * * boxing, wrestling and other athletic contests. It is obvious these purposes promote the public welfare and afford recreation, entertainment and education to the public quite as much as those activities which may be carried on within a public auditorium."

Now the record shows that this match was to be held in a public gymnasium which brings it clearly within the exception to statute §12802 GC, namely, within §12803 GC which makes boxing and fighting legal if permission is granted by the mayor. The record shows that all these requisite steps were taken, as found by the trial court, and we do not see upon what ground this court could base a judgment for reversing the decision.

Surely the judgment is not manifestly against the weight of the evidence. In fact, it is supported by the manifest weight of the evidence; that being the only question of moment before the court, we do not see that we can do anything other than to affirm the judgment. We not only affirm it upon that ground but on the further ground that the plaintiff has an adequate remedy at law; that he is not a proper party to bring the suit as a taxpayer, it not being one of those cases for which a taxpayer may bring suit, for as an individual he has not alleged or proven that he would suffer any damage by virtue of the alleged nuisance, other and different from that which all other persons in the city of Cleveland would suffer. The plaintiff was finally driven to admit that under the Hollister case everything was decided against him except that Judge Hollister held that a public nuisance, which

such a bout as was contemplated in Cincinnati at the time was, may be enjoined on application of the Attorney General of the state on the ground of its being a public nuisance.

For all these reasons, we have unanimously come to the conclusion that the judgment of the Common Pleas Court must be and is affirmed.

WEYGANDT and MAUCK, JJ, concur.