## LEASURE v TAYLOR et

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3146. Decided Aug. 6, 1940.

Charles S. Leasure, Zanesville, for plaintiff-appellant.

Thomas J. Herbert, Atty. Gen., Columbus; Crary Davis, Asst. Atty. Gen., Columbus, for Jacob Taylor, Director of Liquor Control, and Joseph T. Ferguson, Auditor of State.

Francis H. Kearns, Columbus, for Ohio Deliveries, Inc.

## OPINION

By HORNBECK, PJ.

This is an appeal on questions of law on behalf of plaintiff-appellant from a judgment dismissing his amended petition after the Common Pleas Court had sustained a demurrer thereto and plaintiff had elected to plead no further.

The grounds of the demurrer were, (1) that the plaintiff has no legal capacity to sue; (2) that the amended petition does not state facts which show a cause of action.

Insofar as is necessary to appreciate the questions raised by the demurrer the amended petition alleges that the plaintiff institutes his action as a citizen, taxpayer and purchaser of liquors from the Department of Liquor Control for the State of Ohio and its licensees

on behalf of all other citizens, taxpayers and purchasers of spiritous liquors of the city of Zanesville, county of Muskingum and State of Ohio; that prior to September 28, 1939, defendant, director of the Department of Liquor Control for the State of Ohio, published invitations for bids for entering into a contract with said director for the hauling of intoxicating liquors for the State for a period of two years; that by the terms of said invitations, each bidder was required to deposit with said director at the time of filing his bid, Ten Thousand Dollars ($10,000.00) in cash or certified check, which said deposit was to be forfeited to said director in case said bid was accepted and the bidder refused or failed to enter into a contract with the director for the haulage of the intoxicating liquors; that the invitations to bid further provided that each bidder file with the director a commitment by a surety company that if the bidder's bid was accepted said company would execute and deliver to said director a bond in the sum of One Hundred Thousand Dollars ($100,000.00) guaranteeing performance by the bidder of the contract entered into by the bidder and said director with further provision in said bond for the payment of Twenty Thousand Dollars ($20,000.00) as liquidated damages for any failure of said bidder in the performance of the contract for said haulage.

Plaintiff pleads compliance on its part with all requisites as to bonds, avers that Aller & Sharp, Inc., an Ohio Corporation, filed bids with said director and complied with the requisites as to the giving of bond and tender of bond in event that it was awarded a contract and in its bid offered to enter into the contract for the hauling of said intoxicating liquors for the State for said two-year period for the price of 10½c a case, avers that it offered to enter into a contract with said director for the haulage of said intoxicating liquors for the State for a period of two years for the price of 10c a case. It is further averred that:

"Pursuant to a plan and scheme entered into by and between said Taylor, as such director, and Ohio Deliveries, Inc., its officers and agents, to cheat and defraud plaintiff and all other tax-payers, citizens and purchasers of spiritous liquors similarly situated and notwithstanding the fact that Aller and Sharp, Inc.'s bids was for the haulage of said intoxicating liquors for a price which was one-half a cent per case lower than the price contained in the bid of Ohio Deliveries, Inc., said Taylor, as such director, without justification or excuse rejected the bid of Aller & Sharp, Inc., and on or about September 28, 1939, entered into a contract with said Ohio Deliveries, Inc., for the hauling of said intoxicating liquors for the State for said term for the price of 10½c per case by reason of which said Ohio Deliveries, Inc., will, unless enjoined by this court obtain an illegal and exorbitant profit on said haulage at the expense of the State of Ohio and its taxpayers, citizens and purchasers of spiritous liquors."

It is also alleged that unless the director is enjoined he will enter into the performance of the contract with Ohio Deliveries, Inc., and unless enjoined, defendant, Ferguson, will issue and deliver to the defendant, Ohio Deliveries, Inc., warrants on the Treasurer of the State of Ohio for the haulage of intoxicating liquors at the price of 10½c per case and that unless said contract be declared null and void and defendants enjoined from performing the same, defendant, Ohio Deliveries, Inc., will attain an excessive, exhorbitant and illegal profit of at least Fifty Thousand Dollars ($50,000.00) at the expense of the State of Ohio and its taxpayers for which plaintiff has no adequate remedy at law.

The prayer is to declare the contract null and void, to enjoin defendant, Taylor, as director, and Ohio Deliveries, Inc., from performing or carrying out provisions of their contract, to enjoin defendant Ferguson, Auditor of State, from issuing to Ohio Deliveries, Inc., any warrants upon the Treasurer of the

State of Ohio, payment for haulage of intoxicating liquors under said contract and for such other and further relief to which plaintiff may be entitled.

It is to this amended petition that the demurrer heretofore set out was interposed and sustained. The assignments of errors assert that the demurrer was not properly sustained upon either grounds thereof. The first ground of the demurrer is that the plaintiff has no legal capacity to sue.

Upon the first branch of the demurrer we are of opinion that it was properly sustained. We do not give extended consideration to it because we are satisfied that the petition cannot stand against the general demurrer that the petition does not state a cause of action.

If either ground of the demurrer is well taken the action of the trial judge must be affirmed. If the plaintiff does not have a legal cause of action he cannot maintain his suit for the benefit of another. There is one case in Ohio which holds that a taxpayer may maintain an action in his own name on behalf of himself and other citizens to restrain the county commissioners from performance of actions which were fraudulent in breach of their trust or in excess of their power. **Ruffener v Hamilton County, 1 Disney 196.** The general rule, however, is that a taxpayer has the right to call upon a court of equity to interfere to prevent the consummation of a wrong if a public officer attempts to make illegal expenditures of public money which the taxpayer in common with other property holders of the political subdivision may otherwise be compelled to pay. **Elyria Gas & Water Co. v Elyria, 57 Oh St 374; State ex Van Harlingen v Bd. of Education, 104 Oh St 360; Wood County v Pargillis, 10 O. C. C. 376.**

It is essential to the application of this principle that the taxpayer directly or indirectly be compelled to pay for the benefit of the political subdivision a part of the obligation created by the act which he seeks to enjoin. This is the element which seems to be lacking in the instant case. The plaintiff has not made it to appear that he, as a taxpayer, would be compelled to pay any sum of money whatever by reason of the awarding of the contract in the instant case to The Ohio Deliveries, Inc., even though its contract price would require a payment considerably in excess of the sum that would be paid to Aller & Sharp, Inc., if it was awarded the contract. The plaintiff, however, has added another capacity in which he claims to sue, namely, as a purchaser of liquors from the Department of Liquor Control of the State of Ohio and its licensees. Again it does not appear that as a purchaser of liquors he would be substantially affected by the awarding of the contract which he seeks to set aside.

We now consider the second branch of the demurrer; viz, that the amended petition does not state a cause of action.

The petitioner undertakes to allege fraud between the director and the Ohio Deliveries, Inc., the successful bidder, in consummating the haulage contract. The language employed is heretofore set out verbatim. In our judgment it constitutes legal conclusions only and does not contain statements of fact from which inferences can properly be drawn that there was any fraudulent plan or scheme between the director and the successful bidder or that they engaged in any collusive practice. The demurrer admits only the facts that are well pleaded, **31 O. Jur. 552, 561.** In the absence of some averment which, if true, would require the inference that collusion or fraud was practiced by the director and the successful bidder or that he abused his discretion, every presumption must be indulged that the parties acted in good faith and that the director in performing his duties entered into a valid contract in pursuance and in furtherance of legal authority. But it is urged by counsel for plaintiff-appellant that abuse of discretion may be inferred by reason of an award to a

bidder other than the lowest bidder, the size of the bonds which were required of prospective bidders to qualify to enter a bid by the successful bidder to assure performance of the contract and, finally, as liquidated damages, in conjunction with the pleaded fact that the Department would stand to lose Fifty Thousand Dollars ($50,000.00) in the acceptance of the Ohio Deliveries, Inc.'s bid in preference to plaintiff-appellant's bid.

It is conceded by the parties that the director had authority to award this contract of haulage of intoxicating liquors for the Department of Liquor Control; that there is no provision of law which required him to advertise for, accept bids, and award the bid to the lowest bidder, but that the contract could be awarded at his discretion. But it is urged that inasmuch as he elected to accept bids he must be bound thereby to accept the lowest bid. We do not follow the logic of this contention. In an endeavor to secure the widest consideration by prospective parties of the intention of the director to award the haulage contract, he had the right to adopt such measures as would accomplish this result. If he elected to accept bids this did not bind him beyond his statutory obligation especially if there was nothing in the terms upon which the bids were accepted to require the inference that he thereby obligated himself to award the contract to the lowest bidder. It would be a strange construction to say that, either under his request for bids or under the law controlling he was bound to accept the lowest bid without respect to the further question whether or not it was, in his judgment, the best bid. Upon the amended petition we can say only that Aller & Sharp, Inc., was the lowest bidder. There may have been many reasons why in the sound judgment of the director of Liquor Control, its proposal did not constitute the best bid under all the circumstances. The obligation was upon the director to analyze the respective bids from every standpoint involved in the carrying out of the contract and the information essential to a proper awarding of the contract was not necessarily restricted to the terms and requisites under which the bids were accepted.

We are satisfied that the trial judge was correct in sustaining the second ground of the demurrer to the amended petition.

Judgment affirmed.

GEIGER & BARNES, JJ., concur.