126

BOARD OF COMMRS. OF LAKE COUNTY *v.* MENTOR LAGOONS, INC.

[Cite as Bd. of Commrs. of Lake County v. Mentor Lagoons, Inc., 6 Ohio Misc. 126.]

(No. 42827—Decided December 30, 1965.)

Common Pleas Court of Lake County.

*Mr. Fred V. Skok,* prosecuting attorney, for plaintiff.
*Mr. Albert C. Nozik,* for defendant.

SIMMONS, J. Plaintiff, the board of county commissioners of Lake County, brought this action in equity seeking an easement to complete the construction over defendant's land of a sanitary sewer line. It is proposed that this line will connect with a sewage treatment plant constructed by the board as a part of a sanitary sewer district development.

To the petition defendant filed a cross-petition alleging two causes of action. The first is at law and consists of a claim for damages stemming from the alleged negligence of plaintiff board in installing the sewer line over other portions of defendant's land. In the same stated cause defendant apparently claims damages by reason of a breach of contract which granted an easement to the board, giving it the right to install the line over defendant's property. Despite its anomalies, the

court is not concerned with the first cause of the cross-petition since the plaintiff has answered to it.

The second cause under the cross-petition claims that the plaintiff is maintaining a public nuisance by operating the sewage treatment plant in such a manner that the sewage is inadequately treated; that the effluent disgorged has polluted and continues to pollute the waters of Lake Erie immediately adjacent to defendant's property. Defendant identifies itself as the owner of land abutting on the lake and the operator of a marina. It alleges not only injury to the general public consisting of odor and unhealthful water conditions, but specifically alleges damage to itself by impairment of its business. In short, defendant alleges the existence of a public nuisance resulting in private as well as public injury and asks for an injunction.

To this cause of action plaintiff has filed a demurrer and it is upon this demurrer that the cause now presents itself to the court.

In support of its demurrer plaintiff contends that a board of county commissioners is not subject to liability in damages either for negligence or nuisance. Citations are supplied supporting the contention.

With this propostion the court agrees. A county is an arm of the state and rests under the umbrella of sovereign immunity. Such immunity is restricted only by the constitution and such statutes as affect it. *Schaffer* v. *Board of Trustees of Franklin County Veterans Memorial,* 171 Ohio St. 228; Article I, Section 16, Ohio Constitution; *Board of Commrs. of Hamilton County* v. *Mighels,* 7 Ohio St. 110.

The difficulty with the authority and argument the plaintiff presents is that they are inadequate to resolve the question raised by the demurrer. The second cause of action, as was already indicated, asks for equitable remedy by way of injunction, not damages. Damages were requested in the first cause to which the plaintiff filed its answer.

In its brief opposing the demurrer the defendant has also been of little help to the court in meeting the important question to be answered. Defendant argues that the commissioners are liable under the authority of Section 305.12, Revised Code. However, an examination of that section reveals that it estab-

lishes a liability to sue or be sued in the following specific areas: "* * * involving an injury to any public, state, or county road, bridge, ditch, drain, *or watercourse established by such board in its county* * * *." (Emphasis supplied.)

Lake Erie is not a "watercourse." 55 Ohio Jurisprudence 2d, Waters and Watercourses, Section 2. Any claim that it was established by the board of commissioners would surely surprise the Creator.

Defendant also cites Chapter 6111, Revised Code, as authority for imposing liability upon counties and their officers for actions resulting in pollution of public waters. This chapter was enacted to establish a state-wide administrative board called the "water pollution control board." This board was granted wide powers to intervene any place in the state wherein acts resulting in pollution are committed. Division (H) of Section 6111.01, Revised Code, does expressly include "lakes" within the definition of "waters of the state." Further, division (I) of same section defines "person" to include the state and any political subdivision. Finally, Section 6111.04, Revised Code, provides, as applicable to this cause, that "No person shall cause pollution * * * of any waters of the state, * * *. Any such action is hereby declared to be a public nuisance, except in such cases where the water pollution control board has issued a valid and unexpired permit * * *." The section further provides: "This section does not apply to: * * * (E) The discharge of sewage * * * into a sewerage system maintained by the state or a political subdivision."

It is the claim of the defendant that authority is granted under this chapter to maintain its cause of action against the plaintiff. If this position is true then it must arise by way of inference, for no such rights are expressly conferred upon private parties by any of the language in the chapter. It is clear that the language is designed to vest powers in the water pollution control board and not to create new rights nor to provide original remedies to private persons.

Defendant cites Section 6111.08, Revised Code, as further support for its position that the chapter grants it an equitable remedy. However, this section merely provides that the rights of action or remedies in equity under the common law are not

abridged by the chapter. Such language can hardly be construed to create a new right or remedy.

The court believes the solution to the questian raised by the demurrer rests upon a consideration of the subject of nuisance under common law. The question itself may be posed in this fashion:

Does a littoral abutting owner who alleges private injury have a right of action for injunction against the board of county commissioners for the maintenance of a public nuisance consisting of an improperly functioning sewage treatment plant which was constructed and presently operates under license of the state?

Responding to the requirement that the allegations in the cross-petition be construed favorably to the defendant and that it be granted every reasonable inference from the language employed, the defendant appears as a party capable to bring such an action. 41 Ohio Jurisprudence 2d, Parties, Section 54; *Fischer v. City of Cleveland*, 42 Ohio App. 75. It has adequately alleged a condition of pollution, a causal connection between the condition and the sewage treatment plant, the relationship between the sewage treatment plant and the plaintiff board and the detrimental effects of the condition upon the defendant individually and the public at large.

There are two aspects of the question that present difficulty. The defendant abuts upon a public lake and the plaintiff is a county. Were the defendant an owner abutting on a stream and the plaintiff a municipality there would be no problem. The overwhelming authority in Ohio as well as throughout the United States and England is that a riparian abutting owner may enjoin a municipality from maintaining a nuisance consisting of polluting a stream. 55 Ohio Jurisprudence 2d, Waters and Watercourses, Section 133; *City of Mansfield* v. *Balliett*, 65 Ohio St. 451; *City of Mansfield* v. *Brister*, 76 Ohio St. 270; *Cilly* v. *City of Cincinnati*, 7 Ohio Dec. Repr. 344; 40 A. L. R. 2d 1179; 56 American Jurisprudence, Waters, Section 386. But although this court has searched diligently it has failed to find any authority within or without the state bearing directly on the question here.

There is a suggestion that the rights of an owner abutting

a public lake are not the same as a riparian owner. 93 Corpus Juris Secundum, Section 103; 56 American Jurisprudence, Waters, Section 52.

There is in this suggestion, however, no hint that a lake may be used for the maintenance of a nuisance, or that an abutting owner may not enjoin the continuation of such nuisance upon a showing by clear and convincing evidence of a material injury affecting the use of his property. This suggests the rationale underlying the bulk of cases granting equitable remedy in pollution situations.

The decisions appear to sound on the constitutional provision in existence in almost all of the states which provides that private property may not be taken for public use without compensation to the owner. In Ohio this provision appears in Article I, Section 19, Ohio Constitution.

"Where private property shall be taken for public use * * * compensation shall be made in money."

To constitute a "taking" it is not essential that there be a physical seizure or appropriation. Any actual or material interference with private property rights constitutes a taking. *Board of Commrs. of Portage County v. Gates,* 83 Ohio St. 19; *Kiser v. Board of Commrs. of Logan County,* 85 Ohio St. 129; *Smith v. Erie Rd. Co.,* 134 Ohio St. 135.

This constitutional provision appeared in the case of *City of Mansfield v. Balliett, supra,* cited as authority for enjoining a public nuisance consisting of the pollution of a stream by a defendant municipality. Also see 55 Ohio Jurisprudence 2d, Waters and Watercourses, Section 133; *Rhodes v. City of Cleveland,* 10 Ohio 159; 56 American Jurisprudence, Waters, Sections 58 and 389; *Jones v. Sewer Improvement District No. 3,* Ark., 177 S. W. 888.

The following statement appears in Joyce on Nuisances, Section 284, page 373:

"* * * even though a municipality *or other body* has the power to construct and maintain a system of sewers, and although the work is one of great public benefit and necessity, nevertheless, such public body is not justified in exercising its power in such a manner as to create by a disposal of its sewage a private nuisance without making compensation for the injury inflicted or being responsible in damages therefor or liable to

equitable restraint in a proper case, nor can these public bodies exercise their powers in such a manner as to create a public nuisance * * *." (Emphasis added.)

Admitting, then, that a municipality may be enjoined against creating or maintaining a public nuisance which inflicts special damages on an owner abutting a stream, must owners abutting on a public lake, and citizens generally, have to accept a nuisance of like proportions when created and maintained by a county? This court believes they do not. Article I, Section 19, Ohio Constitution, is not restricted to any level of public authority and must be considered to apply to a board of county commissioners as well as to a municipality. An owner abutting upon Lake Erie may suffer damages every bit as substantial as a riparian owner. To permit the constitutional provision to apply to the one and not to the other is to engraft a distinction wholly devoid of reason and equity. This court is of the opinion, therefore, that a board of county commissioners, as well as any public authority, may utilize a public lake for a public purpose, but subject to the constitutional restriction against a taking of private property without compensation. Where a nuisance is alleged; further, where real, substantial and material injury to the property of an abutting owner flowing directly from such nuisance is alleged, a cause of action has been stated against whatever public authority is involved for equitable remedy. *Smith* v. *Ach,* 32 N. P. (N. S.) 57; 56 American Jurisprudence, Waters, Sections 58 and 61; *State* v. *Sunapee Dam Co.,* N. H., 50 A. 108; *Priewe* v. *Wisconsin State Land & Improvement,* Wis., 67 N. W. 918.

Plaintiff's demurrer to the second cause of action in the cross petition is overruled. Plaintiff is given leave to file its answer to this cause on or before January 18, 1966.

*Judgment accordingly.*